UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEVAN MCCASTER,

        Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP LLC D/B/A ARS ACCOUNT
RESOLUTION SERVICES,

        Defendant.

Case No.: 2:22-CV-1633

## ANSWER TO COMPLAINT

NOW COMES Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services, ("HRRG") by and through undersigned counsel, and for its Answer to Plaintiff Devan McCaster's ("Plaintiff") Complaint, states as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq*. for Defendant's unlawful conduct.

**RESPONSE:** Answering paragraph 1, HRRG states this paragraph is merely a description of Plaintiff's claims and does not require a response. To the extent a response is necessary, HRRG admits that Plaintiff brings this action for violation of the Fair Debt Collection Practices Act ("FDCPA") but denies any violations of the FDCPA and denies the Plaintiff is entitled to damages.

## JURISDICTION & VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

**RESPONSE:** Answering paragraph 2, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Illinois and a substantial portion of the events and/or omissions giving rise to the claims made in this Complaint occurred within the Northern District of Illinois Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

**RESPONSE:** Answering paragraph 3, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

## PARTIES

4. Plaintiff is a disabled consumer over 18-years-of-age residing in Cook County, Illinois, which is located within the Northern District of Illinois.

**RESPONSE:** Answering paragraph 4, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

5. Defendant has "been in the collections business since 1996."[1] Defendant is a third-party debt collector organized under the laws of the state of Florida, with its principal place of business located at 1643 Northwest 136th Avenue, Suite 100, Sunrise, Florida 33323. Defendant regularly collects upon consumers residing within the state of Illinois, and maintains its registered

---

[1] https://www.healthcarerevenuerecoverygroup.com/about-hrrg/

agent – Illinois Corporation Service Company, at 801 Adlai Stevenson Drive, Springfield, Illinois 6270.

**RESPONSE:** Answering paragraph 5, HRRG admits that its principal place of business is in Florida and that it is registered as a limited liability company in Illinois. Answering further, HRRG admits it at times attempts to resolve outstanding accounts in Illinois; remaining allegations are denied.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**RESPONSE:** Answering paragraph 6, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

## FACTS SUPPORTING CAUSES OF ACTION

7. In early 2022, Plaintiff was looking to improve her credit, so she accessed her credit report and was surprised to see an entry bearing Defendant's name, who was reporting in an active collection status, a purported medical debt ("subject debt") originally incurred with *Aurora Emergency Associates, Ltd.* ("Aurora").

**RESPONSE:** Answering paragraph 7, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

8. At the time Plaintiff obtained medical services from Aurora, Plaintiff was assured that her expenses would be covered by her medical insurance.

**RESPONSE:** Answering paragraph 8, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

9. Accordingly, on or about February 28, 2022, Plaintiff contacted Defendant via telephone and relayed this information, along with the fact that Plaintiff disputed owing the subject debt.

**RESPONSE:** Answering paragraph 9, HRRG denies.

10. Rather than notate Plaintiff's dispute and inform Aurora of the same, Defendant's representative disregarded Plaintiff's information and attempted to collect upon the subject debt.

**RESPONSE:** Answering paragraph 10, HRRG denies.

11. A few weeks later, Plaintiff checked her credit report to ensure that Defendant was no longer reporting the subject debt, but much to her dismay, not only was Defendant reporting the subject debt in an active collection status, but Defendant also failed to notate that the subject debt was being disputed by Plaintiff, as seen below:

| Account name | Account number | Recent balance | Date opened | Status |
|---|---|---|---|---|
| ARS ACCOUNT RESOLUTION S | 85634008 | $450 as of 03/05/2022 | 05/2018 | **Collection account. $450 past due as of Mar 2022.** |
| 1643 NW 136TH AVE STE 100 SUNRISE, FL 33323 No phone number available Address identification number 0126311278 Original creditor AURORA EMER ASSOC LTD | Type Collection Terms 1 Months On record until Jan 2024 | Credit limit or original amount $450 High balance $0 Monthly payment $0 Recent payment amount $0 | Date of status 05/2018 First reported 05/2018 Responsibility Individual | |

*See*, attached Exhibit A for relevant page(s) from Plaintiff's Experian credit report.

**RESPONSE:** Answering paragraph 11, HRRG denies.

12. Plaintiff was perplexed by Defendant's failure to communicate to Experian that the subject debt was disputed, especially given the fact that Defendant re-reported the subject debt to Experian on March 5, 2022, which was well after Plaintiff's dispute with Defendant. *See Id*.

4

**RESPONSE:** Answering paragraph 12, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

13. To date, Defendant has failed to notify Experian regarding Plaintiff's dispute of the subject debt, and has continued to disseminate false information regarding Plaintiff to third parties.

**RESPONSE:** Answering paragraph 13, HRRG denies.

14. Frustrated with Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding her rights, resulting in expenses.

**RESPONSE:** Answering paragraph 14, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

15. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from her by falsely communicating information regarding the subject debt to credit reporting agencies, and ultimately cause unwarranted harm to her credit or otherwise harm her economically.

**RESPONSE:** Answering paragraph 15, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

16. The erroneous reporting of the subject debt paints a false and damaging image of Plaintiff. Specifically, Defendant's inaccurate reporting has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding accounts that remain unpaid and are acknowledged by Plaintiff.

**RESPONSE:** Answering paragraph 16, HRRG denies.

17. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

**RESPONSE:** Answering paragraph 17, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

18.     Defendant's conduct and disputed credit reporting has caused Plaintiff additional concrete harm, including but not limited to: a decreased credit score, the dissemination of false information to one or more third parties, the exacerbation of her physical and medical symptoms, loss of sleep, expending time addressing and dealing with Defendant's confusing and false conduct, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

**RESPONSE:** Answering paragraph 18, HRRG denies.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

19.     Plaintiff repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

**RESPONSE:** Answering paragraph 19, HRRG repeats, realleges, and incorporates by reference as if fully set forth herein its responses to paragraphs 1 through 18.

20.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**RESPONSE:** Answering paragraph 20, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

21.     Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**RESPONSE:** Answering paragraph 21, HRRG admits it at times attempts to resolve outstanding accounts; the remaining allegations call for a legal conclusion to which no response is required. To the extent a response is required, HHRG denies.

22. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2005.[2]

**RESPONSE:** Answering paragraph 22, HRRG admits it at times attempts to resolve outstanding accounts; remaining allegations are denied.

23. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

**RESPONSE:** Answering paragraph 23, HRRG lacks knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies.

### i. Violations of 15 U.S.C. § 1692e

24. The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**RESPONSE:** Answering paragraph 24, HRRG denies that Plaintiff has quoted a statute accurately and on that basis denies.

25. In addition, this section enumerates specific violations, such as:

> "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8) (emphasis added); and
> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

---

[2] https://me.acainternational.org/Membership/Membership-Directory/Company-Member-Directory/Company-Details?accountid=%7BB9D2B2AF-4442-EC11-8C62-000D3A5B843C%7D

**RESPONSE:** Answering paragraph 25, HRRG denies that Plaintiff has quoted a statute accurately and on that basis denies.

26. Defendant violated 15 U.S.C. §§ 1692e, e(8), and e(10) when it used false and deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was false and misleading for Defendant to report the subject debt to Experian in an active collection status, when not only did Plaintiff not owe the subject debt, but she explicitly disputed the same directly with Defendant. Yet, Defendant failed to communicate Plaintiff's dispute to the credit reporting agencies. Consequently, Defendant knowingly communicated false and incomplete credit information to Experian, knowing it would affect Plaintiff's creditworthiness and ultimately force Plaintiff into making payment on a disputed debt that she did not owe.

**RESPONSE:** Answering paragraph 26, HRRG denies.

### ii. Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**RESPONSE:** Answering paragraph 27, HRRG denies that Plaintiff has quoted the statute accurately and on that basis denies.

28. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect upon the subject debt through its credit reporting. Plaintiff did not owe the subject debt, as she was fully insured as the time she obtained medical services from Aurora. Plaintiff informed Defendant of this information, but rather than being mindful of this dispute, Defendant disregarded Plaintiff's contentions and knowingly continued to unfairly report false and incomplete information to the credit bureaus.

**RESPONSE:** Answering paragraph 28, HRRG denies.

29. Furthermore, Defendant's conduct is also in violation of 15 U.S.C. § 1681s-2(a)(3) of the Fair Credit Reporting Act ("FCRA"); and while the FCRA itself does not afford Plaintiff any private remedies for violations under this provision, Defendant's willful abuse of the same is further evidence of its unfair and unconscionable behavior.

**RESPONSE:** Answering paragraph 29, HRRG denies.

30. As pled in paragraphs 14 through 18, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**RESPONSE:** Answering paragraph 30, HRRG denies.

Answering any remaining allegations not specifically set forth above and including the wherefore clause, HHRG denies.

## AFFIRMATIVE DEFENSES

The Defendant further answering the Plaintiff's Complaint by way of affirmative defenses alleges and shows to the Court as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff has failed to mitigate her alleged damages, if any.

3. Plaintiff has not suffered an actual injury and therefore lacks standing to pursue a claim under the FDCPA.

4. Any alleged financial harm or harm to Plaintiffs' creditworthiness is the result of, among other things, the acts and/or omissions of individuals and/or entities other than HRRG (including Plaintiff), and not due to any act or omission by HRRG.

5. Plaintiff's claim is barred by the statute of limitations.

6. Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

7. Any ultimate technical violation of statute shown herein, to the extent that Plaintiff ultimately shows same, would have been unintentional and resulted from a good faith and bona fide error on the part of these Defendants, in spite of the maintenance of policies and procedures in place to avoid such errors, so that this defendant cannot be held liable under Plaintiff's complaint. Defendant affirmatively states that any violation of the FDCPA (which violation is denied) was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. These procedures and protocols are reasonably adapted to avoid a violation of the FDCPA, such as the one alleged in this case.

8. Defendant reserves all other available affirmative defenses and any other defenses at law or in equity that may now or in the future be available based on discovery or other factual investigations concerning this case.

**WHEREFORE**, Defendant demands judgment as follows:

1. Dismissing the Plaintiff's Complaint on the merits;

2. For Defendant's costs, attorneys' fees and disbursements in this action; and

3. For such further relief as the Court may deem just and equitable.

Dated this 31st day of May, 2022.

*s/Alyssa A. Johnson*
Nabil G. Foster
Alyssa A. Johnson, State Bar No. 1086085
Attorneys for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services
BARRON & NEWBURGER, P.C.
333 W. Brown Deer Road, Unit G – 365
Milwaukee, WI 53217
Direct No. 262-272-1820
E-mail: nfoster@bn-lawyers.com
ajohnson@bn-lawyers.com